# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **WILLIAM HERRINGTON** | **CIVIL ACTION NO. 05-1433** |
| La. DOC #121183 | |
| VS. | **SECTION P** |
| **TIM WILKINSON, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

On August 4, 2005, William Herrington, Louisiana prisoner number 121183 filed this *pro se* petition for *habeas corpus* (28 U.S.C. § 2254) attacking his 1988 convictions for attempted aggravated rape, aggravated oral sexual battery, indecent behavior with juveniles, distribution of marijuana and public bribery in Louisiana's Fifth Judicial District Court.

Petitioner filed a prior *habeas corpus* petition attacking this same conviction on September 15, 2000. See *William Herrington v. Mickey Hubert, Warden, No. 3:00-cv-2118*. The petition was dismissed with prejudice as time barred on March 30, 2001.

## LAW AND ANALYSIS

The petition currently before the court is a second or successive petition under 28 U.S.C. §2244. "It is clear that an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. §2244(b)(3) which provides in part, "[b]efore a second or successive application permitted by this section [§2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed.

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under §2244 is proper. Thus, the court finds that this petition should be transferred to the Fifth Circuit.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. §2244(b)(3) for further proceedings by that Court.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 6th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE